LAW OFFICES OF CHRIS COSCA
CHRIS COSCA (SBN144546)
1007 7th Street, Suite 210
Sacramento, California 95814
916-440-1010

Attorneys for Defendant
Deandrew Jordan

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DEANDREW JORDAN,<br><br>　　　　　　　　　Defendant. | CASE NO.  2:16-CR-00133-TLN<br><br>STIPULATION TO VACATE STATUS CONFERENCE AND SET FOR CHANGE OF PLEA, AND TO EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: March 2, 2017<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

**STIPULATION**

　　1.　　By previous order, this matter was set for a status conference on March 2, 2017.

　　2.　　By this stipulation, defendant Deandrew Jordan and the United States, through their undersigned counsel, now move to vacate the status conference and set the matter for change of plea on March 16, 2017, at 9:30 a.m., and to exclude time between March 2, 2017, and March 16, 2017, under Local Code T4.

　　3.　　The parties agree and stipulate, and request that the Court find the following:

　　　　a)　　Defense counsel is currently involved in a jury trial in Sacramento County Superior Court. This trial presents a conflict with the current status conference date.

　　　　b)　　The government has represented that the discovery associated with this case includes investigative reports and related documents in electronic form, totaling approximately 100 pages, in addition to several hours of electronic surveillance audio and video recordings.

      c)    Counsel for defendant desires additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to review and copy discovery for this matter, to discuss potential resolutions with his client, and to otherwise prepare for trial.

      d)    Counsel for defendant believes that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      e)    The government does not object to the continuance.

      f)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 2, 2017 to March 16, 2017, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO STIPULATED.**

Dated:  February 27, 2017                      PHILLIP A. TALBERT
                                                  United States Attorney

                                                  /s/ *Chris Cosca for*
                                                  James Conolly
                                                  Assistant United States Attorney

Dated:  August 12, 2016                    /s/ *Chris Cosca*
                                           CHRIS COSCA
                                           Counsel for Defendant
                                           Deandrew Jordan

## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 28th day of February, 2017.

_____
Troy L. Nunley
United States District Judge

STIPULATION RE: SPEEDY TRIAL ACT; FINDINGS AND ORDER        3